SCHWARTZ, Judge.
Ligia Torres appeals from a decision of a Department of Health and Rehabilitative Services (HRS) hearing officer[1] upholding the rejection of her May and June, 1979 applications for Aid to Families with Dependent Children (AFDC). The claims were denied on the grounds that Ms. Torres had failed to furnish the HRS “payments worker” with “all necessary facts and documentation to establish [her] eligibility” as required by Florida Administrative Code Rule IOC-1.43,[2] and had refused “to cooper *979 ate with the Department by not providing required information,” in violation of Florida Administrative Code Rule 10C-1.46(1).[3] We reverse.
On May 3, 1979, Ms. Torres made a full and truthful request for AFDC which demonstrated her eligibility for that relief. The application was denied only because she did not report to the HRS worker that she had thereafter paid her rent with $290.00 she received later in the month from the sale of a stereo.[4] It is admitted that the sale of such an asset did not affect the appellant’s eligibility for AFDC.[5] Much more important, there is no indication that Ms. Torres was told or was otherwise aware that a supplementary report of this kind was necessary. There is no question of the validity or propriety of the rules in question. 42 U.S.C. § 602(a); see generally, New York State Department of Social Services v. Dublino, 413 U.S. 405, 93 S.Ct. 2507, 37 L.Ed.2d 688 (1973). It is entirely unreasonable, however, to interpret their general terms so as to permit a forfeiture of needed benefits because an applicant has failed to do something she has no way of knowing is required. Cf. McBride v. Blum, 70 App.Div.2d 595, 416 N.Y.S.2d 77 (1979).
We thus find no competent, substantial evidence to support the conclusion that Ms. Torres was not eligible for AFDC in May, 1979. City of Plant City v. Mayo, 337 So.2d 966 (Fla.1976); North Miami General Hospital, Inc. v. Office of Community Medical Facilities, Dept. of Health and Rehabilitative Services, 355 So.2d 1272 (Fla. 1st DCA 1978). The order below is therefore reversed and the cause remanded for determination of the amount of benefits to which she is entitled by virtue of this conclusion.[6]
Reversed and remanded.

. Since there is no provision for subsequent administrative review, such an order constitutes “final agency action” on an AFDC claim which is appealable to this court. § 120.68(1), (2), Fla.Stat. (1979).

. Rule 10C-1.43 provides in pertinent part:
Rights and Responsibilities of Applicants and Recipients. Any person has the right to apply for assistance, have his/her eligibility determined, and if found eligible, to receive an *979 established monthly amount. Although persons receiving a direct payment are to use these funds for the benefit of the AFDC children, there are no restrictions otherwise on their use. The recipient of public assistance funds must assume the responsibility of furnishing all necessary facts and documentation to establish or reestablish eligibility, advise the Department of any changes in his/her circumstances which might affect eligibility and/or the amount of the assistance grant, and to provide the Department with any channel of information concerning his/her affairs that may be determined necessary.

.Rule 10C-1.46(1) provides:
(1) The Department must determine the individual’s eligibility for continued AFDC assistance on a scheduled basis at least every six months. Special redeterminations may be scheduled in advance during the interim period based on known facts. A special re-determination which is unscheduled may be held due to receipt of facts indicating a possible change in the recipients circumstances. A special redetermination, scheduled or unscheduled, may develop into a complete rede-termination of eligibility. An applicant/recipient who refuses to cooperate with the Department by not providing required information, verification or documentation shall be denied/cancelled from AFDC as eligibility cannot be established.

. It appears that the worker thought that Ms. Torres had paid her rent on May 1, and had not revealed this fact in the application. It was demonstrated below, however, that this was not the case and that the worker’s contrary belief was based on a misunderstanding. Cf. Bovinas v. Savoretti, 146 F.Supp. 274 (S.D.Fla.1956).

. See AFDC Assistance Payments Manual (# 009), Section II, Chapter V, page 4a.

. We are told that under HRS practice, once a client is eligible for AFDC, the eligibility is presumed to continue for at least six months thereafter. See Rule 10C-1.46(1), supra, note 3. Our holding that Ms. Torres was eligible for assistance in May, 1979, therefore makes it unnecessary to consider the somewhat different issues involved in the denial of the June application.